590 A.2d 1355

**AUTO SERVICE COUNCILS OF PA., INC., Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (Robert COMPTON, Dec'd and Martha Compton, Widow), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 16, 1990.

Decided May 3, 1991.

David L. White, Holsten & White, Media, for petitioner. No appearance for respondent.

Before CRAIG, President Judge, PELLEGRINI, J., and CRUMLISH, Jr., Senior Judge.

PELLEGRINI, Judge.

Auto Service Councils of Pennsylvania, Inc. (Employer) petitions for review from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision granting the claim petition of Robert Compton (Decedent) and allowing death benefits to his widow, Martha Compton (Claimant). We reverse.

Decedent was employed as a public relations field representative for Employer, an automotive lobbying company group, for approximately four years. His job responsibili-

ties included gathering new members for the lobbying group from the automotive repair industry, for which he received commissions, and collecting membership dues. The job put pressure on Decedent because it required him to drive over 100 miles per day, often into dangerous neighborhoods, to collect dues and to enroll new members. He was also under pressure from members who complained that the lobbying group was ineffective and did not address their needs. Decedent's mental stress increased and his commission income was reduced[1] when he began to lose more members than he was able to enroll.

In May 1981 Decedent was hospitalized and treated by David E. Eberly, M.D., an internist, for chest pain and cardiac irregularities. In January 1982 he was rehospitalized for chest pains. In July 1982 Decedent suffered a heart attack, and on Dr. Eberly's advice, did not return to work until September 21, 1982. During the period Decedent was not working, Employer repeatedly asked him when he would be returning to work. Decedent complained of the pressure and of getting behind in his job commitments, and even threatened to commit suicide. He continued to experience chest pains after he returned to work on September 21, 1982. On December 2, 1982 he suffered a second heart attack, after which he experienced increased shortness of breath and became depressed about his loss in income and his inability to work.

On May 6, 1983 Decedent filed a claim petition alleging that on December 2, 1982 he had suffered a compensable injury in the nature of a myocardial infarction (or heart attack) caused by job-related stress. He also alleged that his spouse gave Employer notice of his heart attack on December 2, 1982. Furthermore, Decedent claimed that his average weekly wage was $295.00 per week. Employer filed a timely answer denying Decedent's material allegations.

1. Decedent needed his commission income because his base salary was allegedly insufficient to support himself and his family. Referee's Finding of Fact No. 10.

On July 9, 1983 Decedent died when he failed to recover from a mitral valve replacement procedure.[2] His death occurred before he had given testimony in the hearings on the claim petition.[3] On July 2, 1987 Claimant filed a fatal claim petition with the Bureau of Worker's Compensation.

The referee granted both the claim petition and the fatal claim petition. He awarded maximum workers' compensation benefits for three different periods: two weeks in January 1982, July 26, 1982 to September 21, 1982, and December 3, 1982 to July 9, 1983. Referee's conclusion of Law No. 5. The referee also awarded Claimant "51% of wages of [the] deceased beginning July 1983 pursuant to 77 P.S. Section 561" and "ten (10%) percent interest on all outstanding Workers' Compensation due and owing." Referee's Conclusions of Law Nos. 6 and 7.

On Employer's appeal, the Board, citing *Pittsburgh Press Company v. Workmen's Compensation Appeal Board (Pecora)*, 82 Pa.Commonwealth Ct. 538, 475 A.2d 972 (1984), concluded that the fatal claim petition was timely filed, that Claimant had merely failed to amend her petition under the appropriate section of the Pennsylvania Workmen's Compensation Act (the Act),[4] and that the referee's decision was supported by sufficient and substantial evidence of record. Employer's petition for review to this Court followed.[5]

2. Decedent had undergone four previous mitral valve replacements. During surgery on July 9, 1983, a fifth replacement was attempted even though it was discovered that the sutures used to attach a previously inserted mitral valve had separated because the tissue to which they had been attached had become shredded. Death occurred after surgery when Decedent could not be taken off the cardiopulmonary by-pass equipment.

3. The only evidence offered by Claimant's counsel in connection with the claim petition proceedings consisted of the deposition of Dr. Eberly taken on October 25, 1983, a Certificate of Death admitted into evidence only to establish the date of Decedent's death, and a "Verification" document signed by Claimant, Decedent's widow.

4. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1 *et seq.*

5. Initially, Employer contends that because the referee made a verbatim replication of Claimant's proposed findings of fact, the referee failed to address several issues raised by Employer. In *Cugini v. Workmen's Compensation Appeal Board (Arlen Realty)*, 74 Pa.Com-

Our scope of review in workers' compensation cases is limited to a determination of whether any finding of fact is not supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Cashmark v. Workmen's Compensation Appeal Board (Great A & P Tea Company)*, 135 Pa.Commonwealth Ct. 464, 580 A.2d 1189, 1190 (1990).

 Employer first contends that the Board erred in affirming the decision of the referee which granted the original claim petition filed by Claimant's deceased husband because Decedent did not give Employer notice of a work-related stress heart attack [6] as required by Section 311 of the Act.

Section 311 provides, in part:

Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in

monwealth Ct. 470, 460 A.2d 395 (1983), however, we held that the adoption of a claimant's proposed findings of fact does not render the referee's decision flawed as long as there is substantial evidence of record to support those findings. We therefore reject Employer's contention that a referee cannot adopt the proposed findings of fact submitted by Claimant.

6. Injuries caused by stress are compensable, particularly where the injury causing death, such as a heart attack, is the physical result from stress. *Philadelphia Gear Corporation v. Workmen's Compensation Appeal Board (Tell)*, 117 Pa.Commonwealth Ct. 63, 542 A.2d 646 (1988). A claimant seeking to recover benefits from the death of a worker from heart attack must show only that the heart attack was causally connected to work-related stress. 77 P.S. § 411(1); *Township of Haverford v. Workmen's Compensation Appeal Board (Angstadt)*, 118 Pa.Commonwealth Ct. 467, 545 A.2d 971 (1988).

In the present case, the referee accepted the medical testimony of Dr. Eberly who stated with a reasonable degree of medical certainty that the stress Decedent was under was "the most significant factor in causing and/or aggravating Decedent's heart disease that eventually led to Decedent's death." Referee's Finding of Fact No. 33. Issues of credibility, evidentiary weight and conflicts in the testimony are solely for the resolution of the referee, and the referee may accept or reject the testimony of any witness in whole or in part. *Town & Country Fine Furniture v. Workmen's Compensation Appeal Board (Cooley)*, 115 Pa.Commonwealth Ct. 484, 489, 540 A.2d 638, 640 (1988). Notwithstanding the referee's finding that Decedent's heart attack was a compensable injury, the question is whether Decedent's right to compensation must fail because of the Act's notice provisions.

his behalf, or some of the dependents or someone in their behalf, shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed.

77 P.S. § 631. Furthermore, Section 312 of the Act provides:

The notice referred to in section three hundred and eleven *shall inform* the employer that a certain employe received an injury, described in ordinary language, in the course of his employment on or about a specified time, at or near a place specified. (Emphasis added).

77 P.S. § 632.

■■■ For notice of a work-related injury to be sufficient under Section 311 of the Act, it must be given to one whose position justifies the inference that authority has been delegated to him by the employer, as his representative, to receive a report or notice of such injury. *Truskey v. Workmen's Compensation Appeal Board (Atlas Powder Co.)*, 56 Pa.Commonwealth Ct. 315, 424 A.2d 627 (1981). The notice requirement is met when the employer has *actual knowledge* of a compensable injury. *Bertrand P. Tracey Co. v. Workmen's Compensation Appeal Board (Boles)*, 93 Pa.Commonwealth Ct. 68, 500 A.2d 513 (1985).

■■■ The facts in the present case do not indicate that requisite notice was given. The claim petition simply states that on the same day Decedent suffered his heart attack, Claimant called her husband's supervisor to notify Employer that her husband had had a heart attack. In *Rinehimer v. Workmen's Compensation Appeal Board*, 66 Pa.Commonwealth Ct. 480, 444 A.2d 1339 (1982), a case similar to the present one, we stated that a claimant's wife's telephone message to the employer that her husband had been hospitalized with a heart infarction did not serve to inform the employer that the infarction was job-related. As in

*Rinehimer,* there is no evidence of record which shows that the content of Claimant's telephone call *informed* Employer that Decedent's heart attack was causally connected to his employment. *Cf. Long v. Workmen's Compensation Appeal Board (Anchor Container Corp.),* 95 Pa.Commonwealth Ct. 242, 505 A.2d 369 (1986) (wife's telephone call to claimant husband's production manager in which she stated that her husband had a heart attack and would "no longer be back to work because of the fumes" was sufficient to inform employer that claimant's disability was job-related). Because Claimant has failed to show that Decedent had given Employer proper notice of a work-related injury, we must reverse the Board's order affirming the referee's decision to grant the claim petition.

Employer also contends that the Board erred in affirming the referee's decision to grant Claimant's fatal claim petition because she filed her claim almost four years after her husband's death. We agree.

█ The right to compensation conferred by Section 307 has always been held by the courts of this Commonwealth to be in the nature of a death action with "death as [the] cause for compensation." *Kujawa v. Latrobe Brewing Company,* 454 Pa. 165, 312 A.2d 411 (1973); *Segal v. Segal,* 201 Pa.Superior Ct. 367, 191 A.2d 858 (1963). Our courts have also held that the right of a widow to compensation is a separate cause of action, independent of and not derivative from the right of the deceased employee husband, *Penn Steel Foundry & Machine Co. v. Workmen's Compensation Appeal Board (Wagner),* 122 Pa.Commonwealth Ct. 171, 551 A.2d 653 (1988), that is, her right is not conditioned upon her husband's having petitioned for or received compensation for his injury during his lifetime. *See Moore v. Dodge Steel Company,* 206 Pa.Superior Ct. 242, 213 A.2d 130 (1965); *Wilson v. United News Transportation Co.,* 215 Pa.Superior Ct. 317, 261 A.2d 338 (1969).

█ A widow therefore has an independent claim to compensation, *but only if* she files her claim within the

statutory period after her husband's death. *See Parks v. Winkler*, 199 Pa.Superior Ct. 224, 184 A.2d 124 (1962). The period of limitations applicable to the present case is set forth in Section 315 of the Act which provides, in part:

> In cases of death all claims for compensation shall be forever barred, unless within three years after the death, the parties shall have agreed upon the compensation under this article; or unless, *within three years* after the death, one of the parties shall have filed a petition as provided in article four hereof.... (Emphasis added).

77 P.S. § 602.

■ Claimant in this case filed her fatal claim petition on July 2, 1987, nearly four years after her husband died on July 9, 1983. The fact that Decedent had timely filed a claim petition during his lifetime and the decision of whether to award him benefits for his compensable injury was pending at the time of his death did not toll[7] the statute of limitations on filing a fatal claim petition. *Wilson*, 215 Pa.Superior Ct. at 322, 261 A.2d at 341; *Moore*, 206 Pa.Superior Ct. at 248–9, 213 A.2d at 133. Because Claimant failed to file within three years after her husband's death in accordance with Section 315 of the Act, her claim for death benefits is forever barred,[8] and the Board erred in affirming the referee's decision to grant Claimant's fatal claim petition.

7. Generally, the statute of limitations is tolled only if a claimant shows by clear and precise evidence that the employer or its insurance carrier by its actions lulled him into a false sense of security regarding the filing of his claim. *McDevitt v. Workmen's Compensation Appeal Board (Ron Davison Chevrolet)*, 106 Pa.Commonwealth Ct. 207, 525 A.2d 1252, *appeal dismissed*, 520 Pa. 119, 552 A.2d 1048 (1987).

8. The period of limitations set forth in Section 315, like other statutes of limitations under the Act, is not a pure statute of limitations but a statute of repose, extinguishing not only the "remedy of" but the right to compensation upon expiration. *Corcoran v. Workmen's Compensation Appeal Board (Pepperidge Farms, Inc.)*, 100 Pa.Commonwealth Ct. 608, 515 A.2d 341 (1986). Moreover, the statutory period may not be extended as a matter of indulgence or because of hardship. *Jones v. Philadelphia & Reading Coal & Iron Co.*, 154 Pa.Superior Ct. 465, 36 A.2d 252 (1944).

For the reasons stated above, the order of the Board is reversed.

## ORDER

AND NOW, this 3rd day of May, 1991, the order of the Workmen's Compensation Appeal Board, at Docket No. A–97415, dated February 22, 1990, is reversed.

## OPINION

CRUMLISH, Jr., Senior Judge, dissenting.

Respectfully, I dissent. I disagree with the majority's holding that the Board erroneously granted Compton's disability claim petition.

Compton entered the hospital in 1982 after a heart attack. The majority states that while he was recovering, Compton was "repeatedly asked" by his employer about returning to work and complained on those occasions of mounting job pressure and commitments. Less than three months after returning, Compton suffered another heart attack. Compton's wife informed her husband's supervisor the day of the incident.

The majority concludes that Compton's employer was not given the requisite notice. However, the facts as found by the referee clearly indicate that Compton had a recognizable condition, of which the employer had been aware since at least 1981.

Section 311 of the Act requires notice be given to an employer *"[u]nless* the employer shall have knowledge of the occurrence of the injury ..."* (emphasis added). The purpose of the notice requirement is to protect the employer from stale claims for injuries of which it had no knowledge, submitted after time for a full and complete examination of the facts has passed. Actual knowledge is sufficient. *Tracey.* Since Compton's employer had actual knowledge and had an opportunity for a full examination of the facts (which it apparently undertook before filing its answer to the claim petition), there is no need to invoke a stringent

and overtechnical Section 312 notice requirement in this case.

I would affirm the Board's grant of Compton's claim petition.