**Berel ZAFRAN and Frieda Zafran, Petitioners,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (EMPIRE KOSHER POULTRY, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 16, 1998.

Decided May 18, 1998.

Neil J. Rovner, Harrisburg, for petitioners.

R. Burke McLemore, Jr., Harrisburg, for respondent.

Before SMITH and FRIEDMAN, JJ., and McCLOSKEY, Senior Judge.

FRIEDMAN, Judge.

Frieda Zafran (Claimant) appeals from an order of the Workers' Compensation Appeal Board (WCAB) affirming the decision of the Workers' Compensation Judge (WCJ) to dismiss Claimant's fatal claim petition. We affirm.

On September 21, 1987, Berel Zafran (Decedent) was seriously injured in an automobile accident while riding home from work in an automobile driven by a fellow employee. On July 5, 1989, Decedent filed a claim petition alleging that he sustained a work-related injury in the nature of severe brain damage on September 21, 1987, while in the course of his employment with Empire Kosher Poultry, Inc. (Employer). Employer filed a timely answer denying the allegations in Decedent's claim petition and alleging that Decedent's injuries did not occur in the course and scope of his employment. On January 26, 1991, Decedent died. (WCJ's Findings of Fact, No. 1.)

On June 14, 1991, a WCJ[1] denied Decedent's claim petition on the basis that, although Decedent was injured in the course and scope of his employment, the Ridesharing Act[2] barred Decedent's recovery of bene-

---

1. Referees are now called workers' compensation judges under the 1993 amendments to the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4.

2. Act of December 14, 1982, P.L. 1211, 55 P.S. §§ 695.1–695.9.

fits. Decedent[3] appealed to the WCAB, and Employer filed a protective cross appeal challenging the WCJ's finding that Decedent was in the course and scope of his employment when injured. On June 15, 1992, the WCAB affirmed the WCJ's finding that Decedent was injured while in the course and scope of his employment and reversed the WCJ's decision with respect to the applicability of the Ridesharing Act, concluding that Decedent is entitled to benefits under the Workers' Compensation Act (Act).[4] The WCAB remanded to the WCJ for calculation of Decedent's benefits, costs and attorney's fees.[5] Employer appealed to this court and, on March 18, 1993, we affirmed the WCAB's order. Employer filed a petition for allowance of appeal, which our supreme court denied on February 14, 1994.[6]

On February 18, 1994, Claimant, Decedent's widow, filed a fatal claim petition for compensation as a dependent of a deceased employee. Employer filed a timely answer averring that the petition was filed beyond the statute of limitations/statute of repose. The fatal claim petition was consolidated for hearing with Decedent's remanded claim petition.[7] Both parties agreed that the WCJ should determine whether Claimant's fatal claim petition was barred by the statute of limitations before receiving additional evidence. Following hearings on the statute of limitations issue, the WCJ dismissed Claimant's fatal claim petition as untimely, pursuant to section 315 of the Act, 77 P.S. § 602, because Claimant filed the petition more than three years after the date of Decedent's death. Claimant appealed to the WCAB, which affirmed the decision of the WCJ. Claimant now appeals from that order to this court.[8]

The right to compensation conferred by an employee or pursued by someone standing in the shoes of the employee, such as Decedent's widow, in her capacity as administratrix of Decedent's estate here. A fatal claim petition, on the other hand, is a claim available to dependents of deceased employees; it may never be asserted by an employee because, as a matter of law, that cause of action does not arise until after the employee's death. Because a fatal claim petition is a separate and independent cause of action from a claim petition, each having a separate and identifiable plaintiff, Claimant cannot amend Decedent's claim petition in an attempt to preserve her fatal claim petition.

3. Decedent had been declared incompetent on August 2, 1989, at which time Claimant pursued Decedent's claim on his behalf.

4. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4.

5. On July 22, 1992, the WCAB filed an amended order indicating that the June 15, 1992 order involves controlling issues of law as to the applicability of the Ridesharing Act and that an appeal from the order will materially advance the ultimate determination of the matter.

6. Pursuant to Decedent's claim petition, Employer paid Decedent's wage loss benefits from the date of the accident through the date of Decedent's death and paid medical bills relating to Decedent's care from the date of the accident through the date of Decedent's death. (WCJ's Findings of Fact, Nos. 6, 7.)

7. On April 21, 1994, during the pendency of the remand on Decedent's claim petition, Claimant, in her capacity as widow and administratrix of the estate of Decedent, filed an amended claim petition averring the death of Decedent and making claims for death benefits. Employer filed a timely answer to Claimant's amended petition alleging that: the claim is barred by laches; Decedent cannot assert a claim for benefits existing after his death; Decedent is not the real party in interest; Decedent cannot amend his petition after death; and the petition was filed beyond the statute of limitations/statute of repose. We agree with Employer that Claimant may not amend Decedent's original claim petition into a fatal claim petition for herself. A claim petition is a claim that may be filed only by

8. Where the burdened party is the only party to present evidence and does not prevail before the factfinder, our appropriate scope of review is whether the factfinder erred as a matter of law or capriciously disregarded evidence; where both parties present evidence, we review the factfinder's determination under the "substantial evidence" test. *Russell v. Workmen's Compensation Appeal Bd. (Volkswagen of America)*, 121 Pa.Cmwlth. 436, 550 A.2d 1364 (1988), *aff'd*, 143 Pa.Cmwlth. 69, 598 A.2d 602 (1991). Here, because Claimant, the burdened party, was the only party to present evidence in connection with the fatal claim petition, our appropriate scope of review is whether the WCJ erred as a matter of law or capriciously disregarded evidence. *Russell*. A WCJ capriciously disregards evidence when he or she willfully disbelieves an apparently trustworthy witness, whose testimony a person of ordinary intelligence could not possibly challenge or doubt. *Butler v. Workmen's Compensation Appeal Bd. (Commercial Laundry, Inc.)*, 67 Pa.Cmwlth. 393, 447 A.2d 683 (1982).

section 307 of the Act, 77 P.S. § 561,[9] has always been held by our courts to be in the nature of a death action with death as the cause for compensation. *Kujawa v. Latrobe Brewing Co.*, 454 Pa. 165, 312 A.2d 411 (1973); *Auto Serv. Councils of Pa., Inc. v. Workmen's Compensation Appeal Bd. (Compton)*, 139 Pa.Cmwlth. 466, 590 A.2d 1355 (1991). Our courts have also held that a widow's right to compensation under the Act is a separate cause of action, independent of, and not derivative from, the deceased employee husband's right to compensation, *Auto Service Councils; Penn Steel Foundry and Machine Co. v. Workmen's Compensation Appeal Board (Wagner)*, 122 Pa.Cmwlth. 171, 551 A.2d 653 (1988); that is, a widow's right to compensation is not conditioned upon her husband's having petitioned for or received compensation for his injury during his lifetime. *Auto Serv. Councils; Penn Steel Foundry.*

■ A widow therefore has an independent claim to compensation, *"but only if* she files her claim within the statutory period after her husband's death." *Auto Serv. Councils*, 590 A.2d at 1359. The period of limitations applicable to this case is set forth in section 315 of the Act, 77 P.S. § 602 (emphasis added), which provides, in part:

> In cases of death all claims for compensation shall be forever barred, unless within three years after the death, the parties shall have agreed upon the compensation under this article; or unless, *within three years after the death,* one of the parties shall have filed a petition as provided in article four hereof.

9. Section 307 of the Act, 77 P.S. § 561, provides the basis for Claimant's fatal claim petition. That section provides, in part:

> In cases of death, compensation shall be computed on the following basis, and distributed to the following persons:
>
> . . .
>
> 2. To the widow....

10. Claimant argues that the WCJ and WCAB erred in concluding that Claimant failed to prove the existence of any fraud, misleading or lulling by Employer as to Claimant's right to compensation on the fatal claim petition, (WCJ's Conclusions of Law, No. 2); rather, Claimant contends that Employer lulled her into believing that her fatal claim petition would be compensable, pend-

Here, Claimant concedes that she failed to comply with section 315 of the Act, 77 P.S. § 602, by filing her fatal claim petition more than three years after the death of her husband; nevertheless, Claimant argues that the WCAB erred in affirming the WCJ's dismissal of Claimant's fatal claim petition as untimely because the statute of limitations was tolled in this case. We disagree.

■ Generally, the statute of limitations is tolled only if a claimant shows by clear and precise evidence that the actions of the employer or its insurance carrier lulled the claimant into a false sense of security regarding the filing of the claim. *Auto Serv. Councils.* If the employer fraudulently or deceptively lulls the claimant into inaction, the employer will be estopped from raising the statute of limitations as a defense. *Taglianetti v. Workmen's Compensation Appeal Bd. (Hospital of the Univ. of Pennsylvania)*, 503 Pa. 270, 469 A.2d 548 (1983). The principle of estoppel recognizes that an employer should not be able to claim the defense of untimeliness when a claimant's failure to timely file a petition has resulted from the employer's own actions. *Id.*

■ Here, the record is devoid of any evidence that Employer acted to defraud Claimant. Nor is there any evidence which reasonably could be interpreted as showing that Employer's conduct misled Claimant or lulled Claimant into a false sense of security regarding the filing of her fatal claim petition.[10] Thus, the WCJ and WCAB did not err in concluding that Claimant's petition was untimely.[11]

ing a decision by the courts on the applicability of the Ridesharing Act, by requesting Decedent's records, medical bills and death certificate from Claimant. Employer, however, points out that the reason it requested these documents is because Employer was litigating Decedent's claim petition for lifetime benefits at that time; thus, it was important for Employer to ascertain the date of Decedent's death in order to fix the termination date for his claim petition. We conclude that Employer's actions here cannot reasonably be interpreted as lulling Claimant into believing that a fatal claim petition would be compensable.

11. In addition, Claimant contends that the WCJ and WCAB erred in concluding that her fatal claim petition was untimely by reasoning that

Because Claimant failed to file her fatal claim petition within three years after her husband's death in accordance with section 315 of the Act, 77 P.S. § 602, and because Claimant failed to show conduct by Employer that would toll the statute of limitations, Claimant's fatal claim petition is forever barred.[12] Accordingly, we affirm.

## ORDER

AND NOW, this 18th day of May, 1998, the order of the Workers' Compensation Appeal Board dismissing Frieda Zafran's fatal claim petition, dated September 4, 1997, is hereby affirmed.

Employer's payment of Decedent's medical and wage loss benefits from the date of the accident through the date of death pursuant to Decedent's claim petition tolled the statute of limitations on the fatal claim petition. Claimant can offer no authority in support of this argument, and the argument must fail. As noted above, a widow's right to compensation is a separate cause of action, independent of and not derivative from the right of the deceased employee husband. *Kujawa; Auto Serv. Councils; Penn Steel Foundry; Moore v. Dodge Steel Co.*, 206 Pa.Super. 242, 213 A.2d 130 (1965). Claimant's fatal claim petition is not simply a continuation of Decedent's claim petition for lifetime benefits, benefits which were extinguished by Decedent's death; rather, Claimant's fatal claim petition is an independent claim which she alone had and which she was required to timely file.

Claimant further argues that it would have been futile for her to file the fatal claim petition prior to our supreme court's denial of Employer's petition for allowance of appeal on Decedent's claim petition. However, the fact that the decision of whether to award Decedent benefits, pursuant to his claim petition, was pending at the time of his death did not toll the statute of limitations on filing a fatal claim petition. *Auto Serv. Councils; see also Lopresti v. Workers' Compensation Appeal Bd. (Taylor Wharton Co.)*, 692 A.2d 629 (Pa.Cmwlth.), *alloc. denied*, 549 Pa. 720, 701 A.2d 580 (1997) (statute of repose on reinstatement petition was not tolled by pendency of related appeal).

12. The period of limitations set forth in section 315 of the Act, 77 P.S. § 602, like other statutes of limitations under the Act, is not a pure statute of limitations but is a statute of repose, extinguishing not only the "remedy of" but also the right to compensation upon expiration. *Taglianetti; Auto Serv. Councils*. Moreover, the statutory period may not be extended as a matter of indulgence or because of hardship. *Auto Serv. Councils*.