## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sota Construction Services, Inc.   :
and Selective Insurance Company  :
of South Carolina,                      :
               Petitioners      :
                                :
        v.                   :
                                :
Workers' Compensation Appeal    :
Board (Czarnecki, Zawilla d/b/a   :
Gorilla Construction, and Uninsured :
Employers Guaranty Fund),      :    No. 87 C.D. 2019
              Respondents    :    Submitted: September 6, 2019


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE ELLEN CEISLER, Judge

OPINION BY
JUDGE COVEY                       FILED: December 20, 2019

Sota Construction Services, Inc. (Sota) and Selective Insurance Company of South Carolina (collectively, Petitioners) petition this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) December 27, 2018 order affirming the WC Judge's (WCJ) decision granting the Pennsylvania Uninsured Employers Guaranty Fund's (UEGF)[1] joinder petition against Sota (Joinder Petition).

---

[1] UEGF is a separate fund in the state treasury, established in [S]ection 1602 of the WC Act [of June 2, 1915, P.L. 736, *as amended*], added by the Act of November 9, 2006, P.L. 1362, 77 P.S. § 2702, for the exclusive purpose of paying [WC] benefits due to claimants and their dependents where the employer liable for the payments was not insured at the time of the work injury. Insurers and self-insured employers are assessed as necessary to pay claims and the cost of administering the fund. Section 1607 of the Act, [added by Section 7 of the Act of November 9, 2006, P.L. 1362,] 77 P.S. § 2707.

Petitioners present five issues for this Court's review: (1) whether the Board erred by reversing the WCJ's decision dismissing the Joinder Petition pursuant to Section 315 of the WC Act (Act);[2] (2) whether the Joinder Petition contained a new cause of action after the statute of limitations under Section 315 of the Act had expired; (3) whether the Board erred by concluding that Section 131.36(d) and (h) of the Board's Regulations[3] supersedes and subverts the statute of repose set forth in Section 315 of the Act; (4) whether the Board exceeded its scope and standard of review by improperly engaging in fact-finding and concluding that the Joinder Petition was timely pursuant to Section 131.36(d) of the Board's Regulations; and (5) whether the Board should have reversed the WCJ's decision when the UEGF failed to file an appeal within 20 days of the WCJ's December 9, 2013 decision[4] dismissing the Joinder Petition. After review, we affirm.

On August 27, 2012, Claimant filed a claim petition alleging multiple injuries occurring in the course and scope of his employment with George Zawilla (Zawilla) d/b/a Gorilla Construction (Gorilla Construction) on October 26, 2009. On August 30, 2012, Claimant learned that Gorilla Construction did not carry WC insurance. On October 3, 2012, Claimant filed a claim petition for WC benefits from UEGF (Claim Petition) containing the same allegations. UEGF filed the Joinder Petition, asserting that Sota was the general contractor for the project on which Claimant was allegedly injured and was a statutory employer. The WCJ held hearings on January 3, June 20, and July 24, 2013 and April 8, 2014.

---

*Jackson v. Workers' Comp. Appeal Bd. (Radnor Sch. Dist. & ACTS Ret. Cmty.)*, 148 A.3d 939, 944 n.6 (Pa. Cmwlth. 2016).

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 602 (Barring all claims, "unless, within three years after the injury, the parties shall have agreed upon the compensation payable under this article; or unless within three years after the injury, one of the parties shall have filed a petition . . . .").

[3] 34 Pa. Code §§ 131.36(d), (h).

[4] The WCJ's December 9, 2013 decision included the WCJ's December 4, 2013 order.

On July 24, 2013, Sota orally moved to strike the Joinder Petition. On December 4, 2013, the WCJ entered an Interlocutory Order granting Sota's motion to strike the Joinder Petition. The WCJ determined that the Joinder Petition was not timely because it was not filed within three years of Claimant's alleged October 26, 2009 injury in accordance with Section 315 of the Act. On July 1, 2014, the WCJ entered an interim Interlocutory Order ruling that Claimant was an employee of Gorilla Construction.

On April 13, 2015, the WCJ granted the Claim Petition. The WCJ found that Claimant sustained injuries to his back and left leg as a result of his October 26, 2009 work incident. He also found that Claimant was totally disabled from October 26, 2009 through March 1, 2010, and awarded indemnity benefits for that time period. Further, the WCJ determined that Claimant provided UEGF with timely notice of the claim, and dismissed the Joinder Petition as untimely filed. On April 16, 2015, the WCJ circulated an amended decision attaching his interlocutory orders to the decision, and reaffirmed his April 13, 2015 decision. Gorilla Construction and UEGF appealed to the Board.

On June 27, 2016, the Board determined that the WCJ erred by dismissing the Joinder Petition as untimely. The Board did not agree that Section 315 of the Act serves as a bar to a joinder petition because Section 131.36(d) of the Board's Regulations provides a deadline for the filing of a joinder petition and Section 131.36(i) of the Board's Regulations specifies that, after joinder, the original claim petition is deemed to be amended to assert the claimant's claim against the joined party. The Board concluded that the Joinder Petition was timely because the Claim Petition was timely filed under Section 315 of the Act and Zawilla testified at the June 20, 2013 hearing that, at the time of his injury, Claimant was working for Gorilla Construction, which was Sota's subcontractor, and UEGF filed the Joinder Petition on July 2, 2013, within 20 days of that hearing. Accordingly, the Board

3

remanded the matter to the WCJ for reconsideration of the Joinder Petition on the merits. On November 1, 2017, the WCJ concluded that Sota was a statutory employer and granted UEGF's Joinder Petition. Sota appealed to the Board. On December 27, 2018, the Board affirmed the WCJ's decision. Petitioners appealed to this Court.[5]

Petitioners first argue that the Board erred by reversing the WCJ's decision dismissing the Joinder Petition pursuant to Section 315 of the Act because the Joinder Petition was filed eight months beyond the statutory deadline.

Initially, Section 315 of the Act provides:

> In cases of personal injury **all claims for compensation shall be forever barred**, unless, within three years after the injury, the parties shall have agreed upon the compensation payable under this article; or **unless within three years after the injury,** *one of the parties* **shall have filed a petition** as provided in article four hereof.

77 P.S. § 602 (bold and italic emphasis added). Section 131.36(d) of the Board's Regulations requires:

> The petition for joinder form shall be filed with the Department [of Labor and Industry (Department)] no later than 20 days after the first hearing at which evidence is received regarding the reason for which joinder is sought, unless the time is extended by the [WCJ] for good cause shown.

34 Pa. Code § 131.36(d). Section 131.36(h) of the Board's Regulations mandates:

> After joinder, the original petition shall be deemed amended to assert a claim of the claimant against an additional defendant. The additional defendant is liable to any other

---

[5] "On review[,] this Court must determine whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were supported by substantial competent evidence." *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014).

4

> party as the judge orders. The additional defendant shall have the same rights and responsibilities under this chapter as the original defendant.

34 Pa. Code § 131.36(h).

Petitioners argue that Section 315 of the Act is strictly a statute of repose that completely extinguishes a claimant's rights created by the Act. Petitioners further claim that this Court has construed Section 315 of the Act as barring petitions to join additional defendants and cite to *Viwinco v. Workmen's Compensation Appeal Board (Horner)*, 656 A.2d 566 (Pa. Cmwlth. 1995), and *CRL of Maryland, Inc. v. Workmen's Compensation Appeal Board (Hopkins)*, 627 A.2d 1238 (Pa. Cmwlth. 1993), to support their position. UEGF and Gorilla Construction rejoin that, because UEGF filed the Joinder Petition within the time limit established in the Board's Regulations, it was timely filed. The issue of whether a joinder petition must be filed within the three-year statute of limitations is an issue of first impression.

In *Viwinco*, the claimant filed a claim petition on March 31, 1992, alleging that he sustained a work-related injury or an aggravation of a pre-existing condition to his left knee on September 4, 1991. The employer filed a petition to join Cigna as an additional defendant, wherein employer alleged that the claimant's March 1, 1989 injury, which occurred during the period of Cigna's insurance coverage, was the cause of the September 4, 1991 injury. However, because the claimant's claim for his 1989 injury was time-barred under Section 315 of the Act, the *Viwinco* Court concluded the referee[6] erred by granting the joinder petition. Similarly, the *CRL* Court determined that a joinder petition was not timely because the underlying claim petition was not timely.[7] In both cases, the joinder petition was

---

[6] Prior to the 1996 amendments to the Act, WCJ's were referred to as referees.

[7] *CRL* is further distinguishable because it involved the three-year time limitation contained in Section 434 of the Act, added by Section 6 of the Act of June 26, 1919, P.L. 642, *as amended*,

5

untimely because Section 315 of the Act barred the claimant's underlying claim. Accordingly, both cases are inapposite.

Here, it is undisputed that Claimant filed the Claim Petition within the three-year time limit set forth in Section 315 of the Act. Because "one of the parties" "filed a petition" "within three years after the injury," Claimant's claim is viable. 77 P.S. § 602. Thus, UEGF had "20 days after the first hearing at which evidence [was] received regarding the reason for which joinder is sought" to file the Joinder Petition. 34 Pa. Code § 131.36(d). Zawilla testified on June 20, 2013 that the job on which Claimant was working when he was injured was a subcontracting job, with Gorilla Construction acting as Sota's subcontractor, *see* Reproduced Record (R.R.) at 429a, and UEGF filed the Joinder Petition on July 2, 2013. *See* R.R. at 20a. Accordingly, "the [Claim Petition] shall be deemed amended to assert a claim of [] [C]laimant against [Sota]." 34 Pa. Code § 131.36(h).

Moreover, under Petitioners' rationale, a claimant could file a claim petition against UEGF on the last day of his three-year time limit to preclude UEGF from joining any additional defendants. Considering that UEGF would not have knowledge of the injury before the claim petition was filed, and it would be effectively precluded from joining the additional parties thereafter, UEGF would have no recourse against the putative liable parties. In ascertaining the General Assembly's intent in enacting a statute, it is presumed "[t]hat the General Assembly does not intend a result that is absurd[.]" Section 1922(1) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1922(1). Interpreting the Act in a manner that would permit a claimant to preclude UEGF from joining additional defendants would yield an unreasonable and absurd result. Consequently, this Court concludes that Section 315 of the Act did not bar the Joinder Petition.

---

77 P.S. § 1001 (relating to an employer's liability to pay compensation under a compensation agreement notice or award), not Section 315 of the Act.

6

Petitioners next assert that the Board erred by allowing an amendment of the Claim Petition because the amendment contains a new cause of action. Specifically, Petitioners contend that a claim petition may not be amended to create a new cause of action after the statute of limitations under Section 315 of the Act has passed. Petitioners cite *Mangine v. Workmen's Compensation Appeal Board (Consolidated Coal Co.)*, 487 A.2d 1040 (Pa. Cmwlth. 1985),[8] and *Zafran v. Workers' Compensation Appeal Board (Empire Kosher Poultry, Inc.)*, 713 A.2d 698 (Pa. Cmwlth. 1998), to support their position.

In *Mangine*, the claimant filed a claim petition on November 21, 1980 alleging total disability due to pneumoconiosis and/or anthracosilicosis (commonly known as black lung disease) contracted in the 43 years he worked as a coal miner. At a hearing on September 22, 1982, the claimant orally moved to amend his claim petition to assert that his disability resulted from a heart attack suffered at work on November 22, 1977. The referee denied the motion to amend. This Court concluded that because the claimant was proceeding under an entirely different theory of recovery, the claimant's claim based upon a heart attack alleged to have occurred on November 22, 1977 was time-barred.

The *Zafran* Court dismissed a widow's fatal claim petition filed more than three years after her husband's death, notwithstanding that decedent's claim petition was filed before his death, because it was time-barred by Section 315 of the Act. The Court recognized that "[a] widow [] has an independent claim to compensation, '*but only if* she files her claim within the statutory period after her husband's death.'" *Zafran*, 713 A.2d at 700 (quoting *Auto Serv. Councils of Pa., Inc. v. Workmen's Comp. Appeal Bd. (Compton)*, 590 A.2d 1355, 1359 (Pa. Cmwlth. 1991)). Because the widow's claim was independent of her husband's claim, the

---

[8] *Mangine* was overruled on other grounds by *FMC Corp. v. Workmen's Compensation Appeal Board (Wadatz)*, 542 A.2d 616 (Pa. Cmwlth. 1988).

recovery theory could be different, i.e., husband's claim was based on his injury and wife's claim was based on his death.

Here, because the amendment to the Claim Petition does not change Claimant's theory of recovery, i.e., he suffered multiple injuries occurring in the course and scope of his employment on October 26, 2009, the amendment did not contain a new cause of action. Therefore, *Mangine* and *Zafran* are inapposite. Accordingly, this Court concludes the amendment was not time-barred by Section 315 of the Act.

Petitioners further argue that the Board erred by concluding that Section 131.36(d) and (h) of the Board's Regulations supersedes and subverts the statute of repose set forth in Section 315 of the Act. Specifically, Petitioners contend that an administrative agency's regulations cannot conflict with the statutory intention.

The law is well established that "[r]egulations promulgated by an administrative agency pursuant to a statutory directive are invalid if they are contrary to the legislative intent of statutory provisions to which they relate." *Stanish v. Workers' Comp. Appeal Bd. (James J. Anderson Constr. Co.)*, 11 A.3d 569, 575 (Pa. Cmwlth. 2010). However, contrary to Petitioners' contention, there is no conflict between Section 315 of the Act and Section 131.36(d) and (h) of the Board's Regulations. Section 315 of the Act requires one of the parties to file a claim within three years of the injury, and Section 131.36(d) and (h) of the Board's Regulations specifies the timing of joinder after such a claim is filed. Here, because the Claim Petition was filed within three years of Claimant's alleged injury, the Joinder Petition was not barred by Section 315 of the Act, and thus the Board's Regulations controlled the timing thereof. Accordingly, the Board properly applied Section 131.36(d) and (h) of the Board's Regulations.

Petitioners also maintain that the Board exceeded its scope and standard of review by improperly engaging in fact-finding and concluding that the Joinder

Petition was timely pursuant to Section 131.36(d) of the Board's Regulations, when the WCJ did not address the timeliness of the Joinder Petition pursuant to Section 131.36(d) of the Board's Regulations or make any finding of fact or conclusion of law concerning the same.

This Court has held that "the WCJ [is] the ultimate fact finder, but [] the Board can 'consider whether any conclusion reached by the [WCJ] constitutes an error of law.'" *Habib v. Workers' Comp. Appeal Bd. (John Roth Paving Pavemasters)*, 29 A.3d 409, 412 (Pa. Cmwlth. 2011) (quoting *Universal Cyclops Steel Corp. v. Workmen's Comp. Appeal Bd. (Krawczynski)*, 305 A.2d 757, 761 (Pa. Cmwlth. 1973)). Here, on December 9, 2013, the WCJ entered an Interlocutory Order granting Sota's motion to strike the Joinder Petition. The Interlocutory Order contained one sentence relevant thereto: "Section 315 of the Act . . . requires a party to initiate the claim within three years of the accident. Here, the accident was on October 26, 2009. The [Joinder Petition] was not filed until July 2, 2013." R.R. at 71a. The WCJ referenced this determination in Finding of Fact 5 of his April 13, 2015 decision, wherein he stated:

> During the pendency of the case, the [UEGF] joined an entity, [Sota] the general contractor on the job upon which [Claimant] was working. [The WCJ] dismissed the claim because of expiration of the three[-]year statute of limitations on original claims. The [J]oinder [Petition] was dismissed in an [I]nterlocutory [O]rder [dated December 4, 2013 in the Decision dated] December 9, 2013.

R.R. at 236a. However, the WCJ also stated in Conclusion of Law 4 of his April 13, 2015 decision: "The Joinder [Petition] against [Sota] was untimely." R.R. at 239a.[9]

Notwithstanding that the WCJ referenced it in a finding of fact, the determination that Section 315 of the Act barred the Joinder Petition is clearly a

---

[9] The WCJ incorporated his Interlocutory Order dated December 4, 2013 into his April 13, 2015 decision in Conclusion of Law 5. *See* R.R. at 78a.

conclusion of law. As such, the Board was permitted to consider whether it "constitute[d] an error of law." *Habib*, 29 A.3d at 412. Further, because the WCJ concluded that the Joinder Petition was untimely, and Section 131.36(d) of the Board's Regulations pertains to the time limit for filing a joinder petition, the Board was well within its purview to consider it. Accordingly, the Board did not exceed its scope and standard of review by concluding that the Joinder Petition was timely filed pursuant to Section 131.36(d) of the Board's Regulations.

Finally, Petitioners argue that the Board should not have reversed the WCJ's decision because the UEGF failed to file an appeal within 20 days of the WCJ's December 9, 2013 decision dismissing the Joinder Petition.

Section 423 of the Act requires an appeal be filed "within twenty days after notice of a [WCJ's] adjudication." 77 P.S. § 853. This Court acknowledges that generally, "an order of a WCJ *striking* a joinder petition constitutes a final, appealable order, because the order disposes entirely of the issues set forth in the joinder petition." *Dep't of Labor & Indus., Uninsured Emp'rs Guar. Fund v. Workers' Comp. Appeal Bd. (Gerretz, Reliable Wagon & Auto Body, Inc.)*, 142 A.3d 148, 154 (Pa. Cmwlth. 2016). However, the Interlocutory Order in the instant case contained the following admonishment:

> This interim order is not subject to appeal by [C]laimant or [] UEGF. A WCJ order striking a joinder petition is interlocutory in nature. According to the [] Board, an order 'striking a joinder petition under . . . [S]ection 131.36 [of the Board's Regulations] is an interlocutory order not subject to appeal until a final decision is entered on the merits of the underlying petition. *See Travelers Ins. Co. v. Workmen's Comp*[.] *Appeal Bd. (Minoske)*, . . . 409 A.2d 514 ([Pa. Cmwlth.] 1980). . . .' The Board added, '*Minoske* adopted the civil practice rule that an order permitting joinder is interlocutory and generally unappealable. This rule also extends to orders denying joinder.' *Podolak v. MK Rail*, Workers' Compensation Appeal Board No. A01-3498 (filed September 26, 2002).

10

. . . .

> This Interlocutory Order is not subject to appeal.
>
> This Order remains in effect until modified by further order or until a final order is issued in this matter.

R.R. at 71a (emphasis in original). Faced with virtually identical language in a WCJ order striking a joinder petition, this Court in *Gerretz* opined:

> In this case, the Court is at a loss as to why the WCJ affirmatively and repeatedly described the order as interlocutory. The WCJ's direct admonishment not to appeal the order was incorrect. We conclude that when an adjudicator erroneously includes prohibitory language in a decision and order that not only fails to advise a litigant of the right to appeal (as is the custom in [WC] matters), but rather affirmatively directs the litigant that he or she may not appeal an order, the litigant (or his or her counsel) may have grounds to seek nunc pro tunc review. Given this standard, [UEGF] must be given an opportunity to establish that a breakdown in the administrative process occurred such that the Board should have considered [UEGF's] appeal nunc pro tunc.

*Gerretz*, 142 A.3d at 155-56.

Here, in addition to including the prohibitory language in the Interlocutory Order, the WCJ included the determination in his April 13, 2015 decision, *see* R.R. at 79a, and attached the Interlocutory Order to his April 16, 2015 Amended Decision. *See* R.R. at 81a-87a. Moreover, the Board did not question the appealability of the Interlocutory Order, but rather, addressed it and remanded the matter to the WCJ to "reconsider the merits of the [] Joinder Petition." R.R. at 154a.

Under the circumstances presented herein, this Court concludes the Board properly addressed Petitioners' appeal of the Interlocutory Order. Accordingly, the Interlocutory Order is properly before this Court.

11

For all of the above reasons, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sota Construction Services, Inc.    :
and Selective Insurance Company    :
of South Carolina,    :
           Petitioners    :
    :
        v.    :
    :
Workers' Compensation Appeal    :
Board (Czarnecki, Zawilla d/b/a    :
Gorilla Construction, and Uninsured    :
Employers Guaranty Fund),    :     No. 87 C.D. 2019
           Respondents    :

## O R D E R

AND NOW, this 20th day of December, 2019, the Workers' Compensation Appeal Board's December 27, 2018 order is affirmed.

_____
ANNE E. COVEY, Judge