Travelers Insurance Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, CNA Insurance Company and John Minoske, Respondents.

Travelers Indemnity Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, CNA Insurance Company and Francis Bickel, Respondents.

Argued October 3, 1979, before Judges ROGERS, DI-SALLE and CRAIG, sitting as a panel of three.

*Charles W. Craven,* with him *Marshall, Dennehey & Warner,* for petitioner.

*John E. Smith,* with him *William F. Sweeney, Harvey, Pennington, Herting & Renneisen, LTD.,* for respondents.

OPINION BY JUDGE DISALLE, January 2, 1980:

Travelers Insurance Company (Travelers) has appealed from two orders of the Workmen's Compensation Appeal Board (Board) reversing and remanding a referee's decision to join CNA Insurance Company (CNA) as an additional defendant, or additional insurer, in two workmen's compensation proceedings. As each appeal involves the same issue, they were consolidated for argument and disposition.

On May 13, 1977, John Minoske and Francis Bickel (Claimants) filed workmen's compensation claim petitions alleging partial disability due to exposure to asbestos, silica dust and other noxious fumes. Both alleged that their disabilities arose prior to December 31, 1976, the date on which CNA replaced Travelers as the insurance carrier of C&E Refractories (C&E), Claimant's employer, and Travelers was therefore named as C&E's insurance carrier.

Subsequently, Travelers filed a petition to join CNA as an additional defendant, alleging that CNA was either solely or jointly liable to Claimants. Concluding that either Travelers or CNA might be liable on the claims, the referee ordered CNA joined as an "additional insurer." CNA appealed the matter to the Board and the Board, in separate orders, reversed the referee and remanded the cases, finding that the referee erred in ordering the joinder of CNA.

Initially, we note that the issue of the liability of an insurer under a workmen's compensation policy is within the jurisdiction of the referee. *See Workmen's*

*Compensation Appeal Board v. Cicioni,* 29 Pa. Commonwealth Ct. 381, 370 A.2d 1256 (1977). Furthermore, while neither the parties nor the Board addressed the question, it is well-settled that an order permitting a defendant in an action to join an additional defendant is interlocutory and therefore unappealable.[1] *See Zakian v. Liljestrand,* 438 Pa. 249, 264 A.2d 638 (1970). This rule, jurisdictional in nature, applies notwithstanding the fact that the parties did not object to the appeal and the Board improvidently chose to hear the matter. *See 9 Standard Pennsylvania Practice* 45, 46, 72. Indeed, the Board's orders, which remanded the cases and expressly provided that the referee could join CNA if necessary *after* disability was established, are also interlocutory in nature. We will therefore vacate the orders of the Board and remand the matter to the Board with instructions that the referee's orders be reinstated.

ORDER IN 2972 C.D. 1978

AND Now, this 2nd day of January, 1980, the order of the Workmen's Compensation Appeal Board dated November 22, 1978, at Docket No. A-75327 is hereby vacated. These proceedings are remanded to the Board and the Board is directed to reinstate the order of the referee.

ORDER IN 2973 C.D. 1978

AND Now, this 2nd day of January, 1980, the order of the Workmen's Compensation Appeal Board dated November 22, 1978, at Docket No. A-75328 is hereby vacated. These proceedings are remanded to the Board and the Board is directed to reinstate the order of the referee.

_____

[1] The referee's decision in both cases was captioned "Interlocutory Referee's Decision."