**3D TRUCKING COMPANY, INC., and Zurich North America Insurance Company, Petitioners**

v.

**WORKERS' COMPENSATION APPEAL BOARD (FINE AND ANTHONY HOLDINGS INTERNATIONAL), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 23, 2007.

Decided April 26, 2007.

Robert J. Pasquarelli, Pittsburgh, for petitioner, 3D Trucking Company, Inc.

Mark J. Homyak, Pittsburgh, for respondent, Clinton Fine.

Melissa C. Petersen, Pittsburgh, for respondent, Anthony Holdings International.

BEFORE: COLINS, Judge,
SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

In this case involving potential joint employers in the trucking industry, we are asked to determine whether a Workers' Compensation Judge (WCJ) prematurely granted a joinder petition and imposed liability on one employer prior to a final decision as to the liability of another potential employer. 3D Trucking Company, Inc. and Zurich North America (collectively, 3D), petition for review of a Workers' Compensation Appeal Board (Board) order that affirmed the WCJ's order granting Anthony Holdings International, Inc.'s (AHI) joinder petition. The WCJ's order also directed 3D to pay the full amount of Clinton Fine's (Claimant) total disability benefits. We now affirm.

Claimant's injury is not at issue. Claimant worked for several related trucking entities as a truck driver and heavy equipment operator. In December 2003, while dismantling a scaffold in Georgia, Claimant sustained shoulder and neck injuries when a catwalk gave way beneath him. Although no workers' compensation documents were filed, Claimant received sporadic indemnity payments from the Cura Group, Inc. (Cura), a Florida-based employee leasing firm.

In September 2004, Claimant filed a petition to review medical treatment and/or billing (review petition) and a modification petition, naming AHI as his employer and Cura as AHI's workers' compensation insurer. Claimant alleged AHI and Cura underpaid his wage loss benefits; paid no wage loss benefits after July 2004; and failed to pay his medical expenses. AHI filed an answer denying the material allegations. Additionally, AHI named the State Workers' Insurance Fund (SWIF) as its workers' compensation insurer at the time of Claimant's injury.

In response to the WCJ's inquiry at a January 2005 hearing, AHI's corporate counsel attempted to provide a background of the various corporate entities involved in the case. Reproduced Record (R.R.) at 59–63. Pertaining to AHI, Ray Anthony is either the 100% shareholder or majority shareholder in a collaboration of corporations. *Id.* at 62–63. Each corporation is a separate and distinct entity. *Id.* AHI's corporate office is located at the Allegheny County Airport. *Id.* at 60. Anthony Heavy Hauling and Rigging (Anthony Hauling) was AHI's heavy equipment hauler. *Id.* Anthony Trucking was AHI's tri-axle division. *Id.* Both were located at the same Dravosburg location. *Id.* at 61. AHI also had a crane division in Florida. *Id.* at 30, 63.

3D, the business name for S.R. Anthony Trucking, located in Uniontown, is a trucking entity acquired by Samuel Anthony prior to December 2003. *Id.* at 60. On the date of Claimant's injury, Zurich insured 3D.

AHI's corporate counsel further represented that in May 2003, Anthony Trucking, AHI's tri-axle division, filed bankruptcy. *Id.* at 61–62. Also in 2003, prior to Claimant's work injury, Anthony Hauling "essentially closed its doors" and began leasing its trucks to 3D.[1] *Id.* at 60–61.

---

1. In February 2005, Claimant filed a claim petition against Anthony Hauling/SWIF seeking total disability benefits for his injury. Supplemental Reproduced Record (S.R.R.) at 54b–55b. SWIF filed an answer denying Claimant's allegations and averring it was not Anthony Hauling's workers' compensation insurance carrier. *Id.* at 56b–57b. However, we recognize these pleadings are not part of

Claimant testified as follows. In 2000, he filled out an application with Anthony Trucking, the tri-axle division. *Id.* at 48. Thereafter, Claimant began working for Anthony Hauling where he drove a low-boy tractor trailer. *Id.* at 49–50. In mid-2003, Claimant's supervisor directed him to fill out an application with 3D. *Id.* at 49. Claimant had the same supervisor, Dick Ferchak (Supervisor Ferchak), no matter where he worked. *Id.* at 50. Upon learning of Claimant's injury, Supervisor Ferchak told Claimant to call 3D. *Id.* at 51. However, 3D instructed Claimant to contact Cura. *Id.*

Claimant further testified, around the time of his injury, 3D, Cura, or sometimes both, issued his paychecks. *Id.* at 53. 3D issued Claimant a 2003 W–2 form. *Id.* at 57–58. Cura never issued Claimant a W–2 form. *Id.* at 57. However, at the January 2005 hearing, Cura agreed to follow an interim order directing Cura to pay Claimant's workers' compensation benefits pending litigation. *Id.* at 66–67.

Following that hearing, AHI, through SWIF, filed a joinder petition against 3D. Citing Claimant's testimony that 3D paid his wages at the time of his injury, AHI asserted 3D was liable under the Workers' Compensation Act (Act)[2] for Claimant's benefits. 3D did not file an answer or appear before the WCJ to contest the joinder petition.

In February 2005, the WCJ issued an interlocutory order under Section 410 of the Act[3] temporarily allocating 100% of

liability to Cura; 0% to AHI/SWIF. R.R. at 13. The WCJ also issued an interim order that calculated Claimant's average weekly wage and directed Cura to pay Claimant's benefits, including past due benefits, subject to a set-off for Claimant's unemployment compensation benefits. *Id.* at 16–17. The order also directed Cura to pay Claimant's medical benefits. *Id.* at 17.

Further hearings on AHI's joinder petition ensued. At an August 2005 hearing, Claimant's counsel indicated he obtained a judgment against Cura, which then filed Chapter 11 bankruptcy. S.R.R. at 88b. This event called into question the effectiveness of the interim order for payment of benefits.

Although several hearings were held, 3D never appeared, either personally or by counsel, until after the WCJ's decision granting the joinder petition. In his decision, the WCJ made the following crucial findings:

10. Based on a review of the foregoing, and a review of all the evidence of record, considered in its entirety, this adjudicator finds as a fact that [Cura] is an employer of [C]laimant. Indeed, Cura has never contested this proposition.

11. Based on a review of the foregoing, and a review of all the evidence of record, considered in its entirety, this adjudicator finds as a fact that [AHI], and its various affiliates and/or subsidiaries, are potential employers of [C]laimant. A

---

the certified record here and thus not before the Court for review.

**2.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 1–1041.4, 2501–2626.

**3.** Section 410, 77 P.S. § 751, relevantly provides:

Whenever any claim for compensation is presented and the only issue involved is the liability as between the defendant or the

carrier or two or more defendants or carriers, the [WCJ] shall forthwith order payments to be immediately made by the defendants or the carriers in said case. After the [WCJ] or the board on appeal, render [sic] a final decision, the payments made by the defendant or carrier not liable in the case shall be awarded or assessed against the defendant or carrier liable in the case, as costs in the proceedings, in favor of the defendant or carrier not liable in the case.

final fact-finding and legal determination is pending.

12. Based on a review of the foregoing, and a review of all the evidence of record, considered in its entirety, this adjudicator finds as a fact that [3D] is an employer of [C]laimant. In so finding, the undersigned notes [C]laimant's uncontested testimony as to payment source. In so finding, this adjudicator takes into account the deemed admissions of [3D] which, without cause, failed and/or refused to contest the allegations against it.

13. [Cura], [3D], and [AHI] and its affiliates/subsidiaries (potential) are joint employers of [C]laimant.

WCJ's Dec., 12/28/2005, at 2.

Based on his findings, the WCJ determined Claimant met his burden of proving 3D was a joint employer with Cura, and potentially with AHI and its various affiliates and subsidiaries. WCJ's Dec., Conclusion of Law (C.L.) No. 2. The WCJ further determined AHI met its burden of proof on its joinder petition and that 3D, Cura and AHI "were in an apparent joint employment relationship with regard to [Claimant]." C.L. No. 3. The decision also held 3D waived the affirmative defense of set-off. C.L. No. 4. However, the WCJ also determined neither Cura nor AHI, as a potential employer, was freed from liability; liability is joint and several. C.L. No. 5. Finally, the WCJ's decision instructed Claimant regarding procedures for entry and enforcement of judgment against 3D. C.L. No. 6.

The WCJ's accompanying order stated:

AND NOW, December 28, 2005, the Joinder Petition of [AHI]/SWIF and hence the Claim Petition of [Claimant], against 3D, is hereby granted.

[3D] ... is hereby **ORDERED** to pay [Claimant] the amount of $606.66 per week, commencing December 19, 2003 to the present and continuing.

**IT IS ORDERED,** accordingly, that [3D] shall pay [C]laimant the past due amount of $63,699.30 (105 weeks of benefits), plus 10% interest per annum, and shall continue to pay [C]laimant Temporary Total Disability at the rate of $606.66 per week, until [C]laimant returns to work or is fully recovered. . . .

**ALL OTHER PETITIONS REMAIN PENDING**

WCJ's Dec., 12/28/2005, at 3–4.

3D appealed to the Board. In affirming, the Board determined substantial evidence supports the WCJ's finding that 3D is one of Claimant's employers. The Board further noted nothing in the Act prohibits the imposition of joint and several liabilities. 3D petitions for review.[4]

3D presents several challenges. Essentially, it disputes whether substantial evidence supports the determination of an employment relationship. Also, it assigns error in the premature disposition of the joinder petition.

AHI and Claimant respond that the WCJ's decision is supported by substantial evidence and consistent with the applicable law. They also assert that the WCJ did not prematurely close the record where 3D never expressed any intention to participate in the litigation.

Claimant also argues the WCJ's joinder order is interlocutory and thus the Board's order is not appealable to this Court.

### I. Appealability

We first address Claimant's argument that 3D's appeal must be quashed as inter-

---

4. This Court's review is limited to determining whether the findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Minicozzi v. Workers' Comp. Appeal Bd. (Indus. Metal Plating, Inc.),* 873 A.2d 25 (Pa.Cmwlth.2005).

locutory. Claimant asserts this Court lacks jurisdiction under Section 763(a) of the Judicial Code, 42 Pa.C.S. § 763(a), because the Board's order is not a final order. More specifically, Claimant contends the Board's order is interlocutory because the WCJ's joinder order did not resolve all issues among all parties, including a final determination as to AHI's liability as a joint employer.[5] 3D responds the WCJ's joinder order constituted a final disposition of AHI's joinder petition and is thus appealable.[6]

In determining whether the WCJ's joinder order is appealable, a review of worker's compensation joinder procedure is helpful. Section 131.36 of the WCJ's Rules governs joinder. 34 Pa.Code § 131.36.[7] If joinder is granted, the claimant's petition is deemed amended to assert a claim against the additional defendant. 34 Pa.Code § 131.36(i).

5. Claimant asserts the WCJ clearly labeled his decision as interlocutory. We disagree. The WCJ's decision's cover letter contains the following appeal notice:

*The attached Decision of the [WCJ] is final unless an appeal is taken to the [Board] as provided by law.*

*If you do not agree with this Decision, an appeal must be filed with the [Board] within 20 days from but not including the date of this notice.*

6. 3D also contends Claimant waived his challenge to the appealability of the WCJ's joinder order by not raising it before the WCJ or the Board. We disagree. Questions of appealability go the jurisdiction of the appellate court, a non-waivable matter. *Larock v. Sugarloaf Twp. Zoning Hearing Bd.*, 740 A.2d 308 (Pa.Cmwlth.1999). The parties' failure to raise this issue does not preclude this Court from raising it on its own. *Id.*

7. 34 Pa.Code § 131.36 provides in its entirety:

(a) A party desiring to join another defendant to assert a claim relevant to the pending petition may do so as a matter of right by filing a petition for joinder.

(b) A petition for joinder shall set forth the identity of employers and insurance carriers sought to be joined and the reasons for joining a particular employer or insurance carrier as well as the specific facts and the legal basis for the joinder.

(c) The petition for joinder shall have attached to it copies of petitions and answers previously filed and a list of the dates and locations of all prior hearings held and depositions taken.

(d) An original and the number of copies specified on the Bureau petition for joinder form shall be filed no later than 20 days

after the first hearing at which evidence is received regarding the reason for which joinder is sought, unless the time is extended by the [WCJ] for good cause shown.

(e) The petition for joinder shall be filed with the Bureau and an original of any answer shall be filed with the office of the [WCJ] to whom the case has been assigned.

(f) An answer to a petition for joinder shall be filed in accordance with section 416 of the [Act, 77 P.S. § 821,] within 20 days after the date of assignment by the Bureau to the [WCJ] and may include a motion to strike.

(g) A party filing a petition for joinder or an answer to it shall serve unrepresented parties and counsel of record.

(h) A proof of service shall be attached to the petition for joinder or answer.

(i) After joinder, the original petition shall be deemed amended to assert a claim of the claimant against an additional defendant. The additional defendant is liable to any other party as the [WCJ] orders. The additional defendant shall have the same rights and responsibilities under this chapter as the original defendant.

(j) The [WCJ] may strike the petition for joinder, and the [WCJ] may order the severance or separate hearing of a claim presented therein, or as a result of the joinder.

(k) The [WCJ] will issue an order when the motion to strike a petition for joinder is granted.

(*l*) An order to strike a petition for joinder does not preclude or delay further proceedings before the [WCJ].

(m) Subsections (a)—(*l*) supersede 1 Pa. Code §§ 31.5, 33.41, 33.42, 35.11, 35.35, 35.40, 35.48—35.51, 35.54 and 35.55 and also supersede 1 Pa.Code Chapter 35, Subchapter D.

■ Based on this rule, a WCJ is authorized to treat a joinder petition as a new claim petition filed on behalf of a claimant against a putative employer. The rule does not address the timing of disposition of a joinder petition and related petitions, leaving that matter to the reasoned discretion of a WCJ. Thus, the rule does not require consolidation of the joinder petition with other related petitions. Also, the rule does not prohibit the resolution of a joinder petition before other related petitions where, as here, the joinder petition appears to be uncontested and to provide a source for benefits, and there is a question of the effectiveness of an interim order for benefits.

■ In this case, the WCJ's decision resolved all issues raised by the joinder petition. That it was intended to do so and to be a final order on 3D's liability is clear. Further, no party requested an opportunity to submit additional evidence on that issue or to defer resolution of the joinder. To the contrary, given the bankruptcy of the party liable under the interim order for benefits, there was a reasonable basis for prompt and final disposition of the joinder petition. Under these circumstances, the order disposing of the joinder petition was a final order as defined in Pa. R.A.P. 341(b)(1). For these reasons, the motion to quash is denied.

## II. 3D's Appeal

3D asserts Claimant's testimony fails to provide substantial evidence supporting the determination that 3D employed Claimant. More specifically, 3D assigns error in the determination that 3D is a joint employer based solely on the Claimant's testimony that he was paid wages by 3D.

3D also challenges the timing of the WCJ's resolution of the joinder petition, raising numerous arguments. It assigns error in the determination that 3D was a joint employer where the record was not yet closed on the remaining petitions. Further, it asserts the findings are contradictory and inconsistent for the following four reasons relating to the timing of joinder petition disposition: the WCJ noted the petition involving AHI will continue to be litigated; additional evidence has since been developed that could tend to show AHI was Claimant's sole employer; it was error to prematurely arrive at the conclusion of joint employment when the record was not closed on that issue; and, subsequent testimony might tend to show Claimant was not employed by 3D at the time of his injury.

■ However, we conclude 3D, by its non-participation in the joinder proceeding, failed to preserve any issues as to the timing of the disposition of the joinder petition. *Hinkle v. Workers' Comp. Appeal Bd. (Gen.Elec.Co.)*, 808 A.2d 1036 (Pa. Cmwlth.2002); *Dobransky v. Workers' Comp. Appeal Bd. (Cont'l Baking Co.)*, 701 A.2d 597 (Pa.Cmwlth.1997) (party may not raise on appeal issues not presented to the WCJ without sacrificing the integrity, efficiency and orderly administration of workers' compensation scheme). As a result of 3D's total and unexplained failure to participate in the proceedings, the WCJ was unaware of a need to delay resolution of the joinder petition against 3D. We therefore hold that these issues are waived.[8]

8. In addition, there is no merit to 3D's assertion that the WCJ prematurely determined it was a joint employer, and there is no merit to 3D's reliance on *Essi International, Inc. v. Workmen's Compensation Appeal Board (Bowman)*, 132 Pa.Cmwlth. 573, 573 A.2d 677 (1990). As previously discussed, there is no statutory or regulatory provision which requires the WCJ to consolidate a joinder petition with related petitions or which binds a WCJ's discretion on timing of disposition.

 As to 3D's substantial evidence challenge, we conclude that issue is preserved, because it was a requirement of the proceedings before the WCJ irrespective of 3D's participation. Nevertheless, we discern no merit in 3D's challenge.

 "Substantial evidence is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Waldameer Park, Inc. v. Workers' Comp. Appeal Bd. (Morrison)*, 819 A.2d 164, 168 (Pa.Cmwlth.2003). "In performing a substantial evidence analysis, this court must view the evidence in a light most favorable to the party who prevailed before the factfinder." *Id.* "Moreover, we are to draw all reasonable inferences which are deducible from the evidence in support of the factfinder's decision in favor of that prevailing party." *Id.* It does not matter if there is evidence in the record supporting findings contrary to those made by the WCJ; the pertinent inquiry is whether the evidence supports the WCJ's findings. *Id.*

 Whether an employer-employee relationship exists is a question of law to be decided on the specific facts of each case. *Universal Am–Can, Ltd. v. Workers' Comp. Appeal Bd. (Minteer)*, 563 Pa. 480, 762 A.2d 328 (2000); *Red Line Express Co. Inc. v. Workmen's Comp. Appeal Bd. (Price)*, 138 Pa.Cmwlth. 375, 588 A.2d 90 (1991). An employer-employee relationship exists where the alleged employer possesses the right to select the employee; the right and power to discharge the employee; the power to direct manner of performance; and the power to control the employee. *B & T Trucking v. Workers' Comp. Appeal Bd. (Paull)*, 815 A.2d 1167 (Pa.Cmwlth.2003).

 An employer's payment of wages and payroll deductions are significant factors in determining whether an employer-employee relationship exists. *See Red Line Express* (under lease agreement, lessor company paid driver's wages, made payroll deductions and paid driver's workers' compensation insurance). Also, the provision of workers' compensation coverage is an important factor to be considered in determining the existence of an employer-employee relationship. *Maurer v. Workmen's Comp. Appeal Bd. (Am. Trans Freight, Inc.)*, 116 Pa.Cmwlth. 224, 541 A.2d 436 (1988).

 While a putative employer need not file an answer to a joinder petition, its failure to deny claims at a hearing or to offer evidence on issues within its knowledge may be considered by the WCJ in resolving factual issues. Thus, a party's failure to testify in rebuttal of a disputed fact within the party's presumed knowledge may support "an inference of fact that the party's testimony would have been adverse or unfavorable to him." *Scott v. Dep't of Transp., Bureau of Driver Licens-*

Thus, no error of law is evident. Also, as previously discussed, we discern no abuse of discretion in the timing of disposition where the joinder petition appeared to be uncontested and to provide a source for benefits. *Essi* does not compel a different result, because the facts are different from those here. In *Essi*, the WCJ closed the record despite the parties' declared intention to further depose a witness. Here, in contrast, no party requested the opportunity to offer further evidence on the liability of 3D until after the WCJ ruled.

Finally, any evidence taken at further hearings on outstanding petitions against AHI is beyond the scope of the certified record here. An appellate court may only consider facts duly certified in the record. *McGaffin v. Workers' Comp. Appeal Bd. (Manatron, Inc.)*, 903 A.2d 94 (Pa.Cmwlth.2006). It will not address questions beyond the record. *Silvestri v. Slatowski*, 423 Pa. 498, 224 A.2d 212 (1966); *Kilian v. Allegheny County Distribs. Inc.*, 409 Pa. 344, 185 A.2d 517 (1962).

*ing,* 730 A.2d 539, 543 (Pa.Cmwlth.1999), *aff'd,* 567 Pa. 631, 790 A.2d 291 (2002).

 We conclude that substantial evidence supports the WCJ's determination of an employment relationship between Claimant and 3D. Contrary to 3D's contentions, the WCJ based his conclusion of joint employment on the entire record, not just on the payment of wages. The following 13 circumstances, viewed in a light most favorable to the prevailing party, support the WCJ's determination:

1) Claimant worked for related companies for several years before the injury;

2) Claimant's supervisor instructed Claimant to apply for employment with 3D, and he did so;

3) The related companies ceased trucking operations in early 2003 and leased their trucks to 3D, where Claimant continued to work;

4) Although the related companies ceased trucking operations, Claimant's supervisor continued to work and to supervise Claimant;

5) Beginning in late March 2003, 3D began paying wages to Claimant;

6) After 3D began paying Claimant's wages, the related companies no longer paid him;

7) 3D issued a W–2 tax form to Claimant for the year of the injury;

8) Claimant was told by his supervisor to report his injury to 3D, and he did so;

9) 3D obtained workers' compensation insurance for its employees;

10) 3D did not deny it had the right to select Claimant as an employee, nor did it offer any evidence disputing such right;

11) 3D did not deny it had the power to discharge Claimant, nor did it offer any evidence disputing such power;

12) 3D did not deny it had the power to direct the manner of Claimant's performance, nor did it offer evidence disputing such power; and

13) 3D did not dispute it had the power to control Claimant, nor did it offer evidence disputing such power.

That there is evidence which may support a different conclusion is of no moment. *Waldameer Park.* The cited evidence is sufficient to support the determination.

Because the determination that Claimant was an employee of 3D is supported by substantial evidence in the record, and because issues of timing are waived by 3D's failure to object before the WCJ, we affirm the Board's order.

### ORDER

AND NOW, this 26th day of April, 2007, the order of the Workers' Compensation Appeal Board is **AFFIRMED.**