# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Department of Labor & Industry,   :
Uninsured Employers Guaranty Fund,  :
                  Petitioner  :
                            :
         v.              :  No. 445 C.D. 2015
                            :  Argued:  March 7, 2016
Workers' Compensation Appeal   :
Board (Gerretz, Reliable Wagon   :
and Auto Body, Inc., and Somerset  :
Casualty Insurance Company),    :
                 Respondents  :

BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE JAMES GARDNER COLINS, Senior Judge
              HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION BY JUDGE BROBSON       FILED:  June 14, 2016

Petitioner Department of Labor & Industry, Uninsured Employers Guaranty Fund (Fund), petitions for review of an order of the Workers' Compensation Appeal Board (Board).  The Board denied the Fund's appeal of a Workers' Compensation Judge (WCJ) decision.   The WCJ's decision (1) confirmed an earlier order granting a motion to dismiss the Fund's petition for joinder of a purported insurer, Somerset Casualty Insurance (Somerset);[1] and

---

[1] Although the WCJ purported to grant a motion to dismiss filed by Somerset and deny the Fund's joinder petition, it appears that Somerset did not actually file a motion to dismiss. Instead, it appears that Somerset filed an answer to the Fund's joinder petition, denying the allegations and alleging that it had ceased providing workers' compensation coverage to Henry Gerretz's employer prior to his injury. (WCJ's decision, dated October 30, 2013, Finding of Fact (F.F.) no. 3.)  Pursuant to 34 Pa. Code § 131.36(e), an answer to a joinder petition may include a motion to strike.  Also, a WCJ may strike a joinder petition by issuing an order granting the motion to strike. 34 Pa. Code § 131.36(i),(j).  Thus, although the WCJ granted what it referred to
**(Footnote continued on next page…)**

(2) granted a claim petition filed by Henry Gerretz (Claimant) against the Fund and his purported uninsured employer, Reliable Wagon & Auto Body, Inc. (Reliable). We vacate the Board's order and remand the matter for further proceedings.

On August 11, 2010, Claimant filed a claim petition against Reliable, alleging that he sustained a work-related injury when he fell from a ladder on July 16, 2010, and that, as a result of the injury, he was totally disabled. On September 15, 2010, Claimant filed a claim petition against the Fund, naming Reliable as an uninsured employer. The Fund responded to the claim petition, and, on September 27, 2010, the Fund filed a joinder petition, seeking to add Somerset as a purported insurer of Reliable at the time of Claimant's injury. Somerset filed a motion to dismiss the Fund's joinder petition.

On April 2, 2012, the WCJ issued an order captioned as "interim/interlocutory," in which the WCJ concluded that Somerset did not provide workers' compensation to Reliable on the date of Claimant's injury, and, therefore, the WCJ granted the motion filed by Somerset to dismiss the Fund's joinder petition. As noted above, the face of the WCJ's decision describes the decision as being "interim/interlocutory" and specifically provides on the face of the decision cover letter that "[t]his Interim/Interlocutory Order is not subject to appeal." Moreover, the order page of the decision refers to the order as "Interlocutory," and the "Important Notice" at the bottom of the order page provides:

---

**(continued…)**

as Somerset's motion to dismiss and denied the joinder petition, it appears that it actually granted what is more appropriately referred to as a "motion to strike" a joinder petition. *See* 34 Pa. Code § 131.36. Regardless of the vernacular used, the end result was that Somerset was not joined as an additional defendant in the workers' compensation proceeding.

2

> This Order does not constitute a final disposition of Claimant's petition but is only a determination of the motion to dismiss the joinder petition. These interlocutory findings of fact and conclusions of law will be incorporated into the final decision for purposes of potential appeal of the matters decided herein.

Additionally, in capital lettering that is bolded and underlined, the WCJ provided at the bottom of the page that "**THIS ORDER IS NOT SUBJECT TO APPEAL**."

The Fund did not file an appeal from that order. Ultimately, the WCJ issued a decision on the merits of Claimant's claim petitions against Reliable and the Fund, granting both and *specifically re-affirming* the WCJ's earlier decision regarding the Fund's joinder petition. The first page of this decision describes itself as a final order and, unlike the interim decision, informs the litigants that if they do not agree with the decision, they must file an appeal within twenty days. The Fund filed an appeal with the Board, challenging the WCJ's determination that Somerset had cancelled its insurance policy for Reliable and was entitled to be dismissed from the matter.

The Board concluded that, despite the language the WCJ used to describe her initial order as interlocutory, that earlier order was a *final appealable* order, and, consequently, the Fund should have appealed that order. The Board further concluded that the Fund's appeal of the WCJ's order granting Somerset's motion to dismiss the joinder petition was untimely. The Board noted that *if* a joinder petition is granted, "the original petition is deemed amended to assert a claim [by the claimant] against an additional defendant." (Reproduced Record (R.R.) at 79a.) Citing this Court's decision in *3D Trucking Company v. Workers' Compensation Appeal Board (Fine)*, 921 A.2d 1281 (Pa. Cmwlth. 2007), the Board concluded that the regulations applicable to workers' compensation proceedings do

3

"not require consolidation of a joinder petition with other pending petitions." (*Id*.) Based upon the procedurally distinct postures of the joinder petition and the claim petitions, the Board concluded that the Fund was required to appeal the WCJ's initial decision.

The Board, citing *Knish v. Workmen's Compensation Appeal Board (Jerome Enterprises)*, 536 A.2d 856 (Pa. Cmwlth.), *appeal quashed*, 553 A.2d 971 (Pa. 1988), considered the characteristics of a final order, opining that "[a] final order is one which ends litigation, disposes of the entire case, puts a litigant out of court or precludes a party from pressing the merits of his claim." (Board's decision at 3.) The Board interpreted our decision in *3D Trucking* as holding that "an order granting a joinder petition [is] not an interlocutory order because it resolve[s] all issues raised by the joinder petition." (*Id*.) The Board observed that the WCJ never consolidated the joinder petition with the pending claim petitions and that the WCJ's April 2012 order granting Somerset's motion to dismiss the joinder petition "ended the litigation against Somerset, resolved all issues raised by the joinder petition, and disposed of the entire case against Somerset. It was therefore a final order." (*Id*.)

In a footnote, the Board noted that, in contrast to the facts in *3D Trucking* where the WCJ's joinder order was labeled by that WCJ as a final order, the fact that the WCJ in this case described the order as interlocutory and *not subject to appeal* did not matter. Rather, the Board reasoned that the WCJ "clearly intended [the order] to be a final order with regard to Somerset's liability to Claimant." (*Id*. n.2.) Thus, the Board concluded that the Fund's attempt to challenge the earlier joinder order was untimely under Section 423(a) of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S.

4

§ 853, which requires parties to appeal decisions of a WCJ within twenty days after notice of a dismissal.

The Fund petitioned this Court for review,[2] raising the primary issue that the Board erred in dismissing the Fund's appeal based on timeliness.[3] Although the Fund couches its argument largely in terms of whether the Board erred in concluding that the WCJ's initial order denying joinder was a final order because, the Fund contends, such orders are interlocutory by nature, the Fund also focuses on the language of the WCJ's decision and order, which clearly provides that the decision was interlocutory and not subject to appeal.

We begin our analysis with a review of the Board's conclusion that the WCJ's April 2, 2012 decision was a final order, and, therefore, the Fund's appeal is untimely. The Bureau of Workers' Compensation's joinder regulation provides, in pertinent part, as follows:

> (a) A party desiring to join another defendant to assert a claim relevant to the pending petition may do so as a matter of right by filing a petition for joinder.
>
> . . .
>
> (e) An answer to a petition for joinder shall be filed in accordance with section 416 of the act (77 P.S. § 821) . . . and may include a motion to strike.
>
> . . .

---

[2] Our review is limited to considering whether necessary factual findings are supported by substantial evidence and whether an error of law was committed. 2 Pa. C.S. § 704.

[3] The Fund also raises issues relating to the merits of its appeal of the WCJ's order denying joinder. Those issues, however, are not properly before the Court at this time, as the only issue now before the Court is whether the Board erred in dismissing the Fund's appeal based on timeliness.

5

(h)  After joinder, the original petition shall be deemed amended to assert a claim of the claimant against an additional defendant.  The additional defendant is liable to any other party as the [WCJ] orders.  The additional defendant shall have the same rights and responsibilities under this chapter as the original defendant.

(i)  The [WCJ] may strike the petition for joinder, and the [WCJ] may order the severance or separate hearing of a claim presented therein, or as a result of the joinder.

(j)  The [WCJ] will issue an order when the motion to strike a petition for joinder is granted.

(k)  An order to strike a petition for joinder does not preclude or delay further proceedings before the [WCJ].

34 Pa. Code § 131.36.

In *3D Trucking*, this Court considered whether a WCJ's decision granting a joinder petition was a final order.  The claimant in *3D Trucking* had filed a joinder petition seeking to add 3D Trucking as a defendant.  3D Trucking did not file an answer to the joinder petition or appear before the WCJ.  The WCJ granted the joinder petition, finding 3D Trucking to be a joint employer of the claimant.  3D Trucking appealed to the Board, and the Board affirmed.  3D Trucking then appealed to this Court, and the claimant argued, in part, "that the WCJ's joinder order [was] interlocutory and thus the Board's order is not appealable to this Court." *3D Trucking*, 921 A.2d at 1285.  The claimant requested that this Court quash the appeal.  3D Trucking countered that the order constituted a final disposition of the joinder petition and, thus, was a final, appealable order.  We reasoned, based upon the above-quoted joinder regulation:

[A] WCJ is authorized to treat a joinder petition as a new claim petition filed on behalf of a claimant against a putative employer.  The rule does not address the timing of disposition of a joinder petition and related petitions, leaving that matter to the reasoned discretion of a WCJ.  Thus, the rule does not require consolidation of

6

the joinder petition with other related petitions. Also, the rule does not prohibit the resolution of a joinder petition before other related petitions where, as here, the joinder petition appears to be uncontested and to provide a source of benefits, and there is a question of the effectiveness of an interim order for benefits.

In this case, the WCJ's decision resolved all issues raised by the joinder petition. That it was intended to do so and to be a final order on 3D's liability is clear. Further, no party requested an opportunity to submit additional evidence on that issue or to defer resolution of the joinder. To the contrary, given the bankruptcy of the party liable under the interim order for benefits, there was a reasonable basis for prompt and final disposition of the joinder petition. *Under these circumstances, the order disposing of the joinder petition was a final order as defined in Pa. R.A.P. 341(b)(1). For these reasons, the motion to quash is denied.*

*3D Trucking*, 921 A.2d at 1287 (emphasis added).

This Court's decision in *3D Trucking* was clearly fact-specific. In *3D Trucking*, we commented that the WCJ's decision resolved all of the issues raised by the joinder petition, but we were also persuaded by the fact that the WCJ in that case made clear his or her *intention* that the order was *meant to be a final order* regarding 3D Trucking's liability. Unlike *3D Trucking*, it is not clear in this case that the WCJ had an urgent need to resolve the joinder petition before she resolved the initial claim petition. Thus, we recognize various distinctions between this case and *3D Trucking*, including the WCJ's labeling of her decision in this case as one that was not final and not appealable and her reconfirmation of the April 2012 order in her final decision on the merits. Thus, here as compared to *3D Trucking*, it would appear that the WCJ's intentions were inapposite to those of the WCJ in *3D Trucking*. In addition, *3D Trucking* involved a late appeal of a joinder petition

7

to which no timely motion to strike had been filed. Here, the WCJ granted a timely motion to strike the joinder petition.

Contrary to *3D Trucking*, in *Travelers Insurance Company v. Workmen's Compensation Appeal Board (CAN Insurance)*, 409 A.2d 514 (Pa. Cmwlth. 1980), we concluded that a decision of a WCJ *permitting* a defendant to join additional defendants is interlocutory and jurisdictional in nature. *Traveler's Ins. Co.*, 409 A.2d at 515 (insurer's challenge to WCJ's order joining it as additional defendant was interlocutory and unappealable). In reaching that conclusion, we relied upon our Supreme Court's opinion in *Zakian v. Liljestrand*, 264 A.2d 638 (Pa. 1970), in which the Supreme Court considered whether an order refusing to grant joinder of an additional defendant in an action seeking damages for personal injuries constituted a non-appealable interlocutory order or an appealable final order. The Supreme Court opined: "While an order permitting a defendant in an action to join an additional defendant is interlocutory,[] an order sustaining preliminary objections to the joinder of an additional defendant, dismissing defendant's complaint as to the additional defendant, and dropping the additional defendant from the suit is a 'final order.'" *Zakian*, 264 A.2d at 640 (footnote omitted).

Thus, *3D Trucking*, *Travelers Insurance Company*, and the joinder petition regulation demonstrate that a WCJ has broad discretion with regard to the timing of the resolution of joinder petitions. For that reason, whether an order granting a joinder petition (or denying a motion to strike a joinder petitioner) is a final order or an interlocutory, non-appealable order may depend upon the circumstances of the matter before the WCJ and the intention expressed by the WCJ. These cases and the regulation, however, all suggest that an order of a WCJ

8

*striking* a joinder petition constitutes a final, appealable order, because the order disposes entirely of the issues set forth in the joinder petition.

Despite this general rule that an order denying a joinder petition is a final order, the Fund offers two rationales in support of its claim that the Board erred in concluding that the WCJ's order denying joinder was a final order. First, the Fund asserts that the April 2, 2012 order did not dispose of all issues and parties relating to Claimant's injury and disability, but rather only addressed the joinder petition and Somerset's role as a putative insurer that might have responsibility for the payment of any benefits that the WCJ might award. As Somerset notes, however, in *3D Trucking*, we concluded generally that a joinder petition is distinct from a claim petition. This principle is highlighted by 34 Pa. Code § 131.36(h), which provides that only after joinder is granted should a claimant's original petition "be deemed amended to assert a claim of the claimant against an additional defendant." *Id.* Once joinder is granted and this deemed amendment occurs, "[t]he additional defendant shall have the same rights and responsibilities under this chapter as the original defendant." (*Id.*) Here, because the joinder and claim petitions were separate and distinct, the WCJ's order fully disposed of all issues and parties relating to potential joinder. There was no need for the WCJ to address matters relating to the claim petition in order to resolve this distinct and separate issue. Thus, we do not find the Fund's argument persuasive.

The Fund also argues that public policy favoring the quick resolution of a claimant's right to compensation supports its position that the WCJ's April 2012 order was interlocutory. The Fund claims that the final resolution of joinder petitions via an appeal process should be deferred in order to assure that disabled claimants obtain benefits in an expeditious manner. We note, however,

that subsection (k) of 34 Pa. Code § 131.36 provides that "[a]n order to strike a petition for joinder does not preclude or delay further proceedings before the [WCJ]." This provision appears to suggest that an appeal from an order striking a joinder petition does not provide a reason for a WCJ to defer hearings on and resolution of the merits of a claim. This makes sense in the case where, as in *3D Trucking*, there are two potential employers or insurers that might be responsible for the payment of benefits. The proceedings against the named employer or insurer may proceed, despite the WCJ having stricken the joinder of another employer or insurer. Thus, we also do not find the Fund's public policy argument to be persuasive.

Although we agree with the Board's analysis that the WCJ's order denying joinder was a final order, we disagree that the analysis ends there. The Board essentially ignores the fact that the WCJ explicitly identified her initial decision and order as interlocutory and not subject to appeal. While such language does not transform an otherwise final order into an interlocutory order, it is relevant to an analysis of timeliness. As a result of the WCJ's apparent confusion regarding the finality of orders granting joinder as compared to orders striking a joinder petition, the Fund may be entitled to an appeal nunc pro tunc.

This Court has found that a breakdown in the administrative process occurs when the party seeking to appeal an order in an untimely manner establishes that its delay in taking action was caused by extraordinary circumstances involving fraud, a breakdown in the administrative process, or non-negligent circumstances related to the claimant, his counsel, or a third party. *C.S. v. Dep't of Pub. Welfare*, 879 A.2d 1274, 1279 (Pa. Cmwlth. 2005). When such a breakdown occurs, a court or adjudicator may consider an otherwise untimely appeal of an

order on a nunc pro tunc basis. *Id.* In this matter, the Fund does not claim that any fraud or non-negligent circumstances related to counsel or parties supports a nunc pro tunc appeal. Thus, the only possible grounds for nunc pro tunc review would be a breakdown in the administrative process. Simple negligence on the part of an attorney does not constitute a breakdown in the administrative or judicial process, *Department of Transportation, Bureau of Motor Vehicles v. Shemer*, 629 A.2d 1063, 1066 (Pa. Cmwlth.), *appeal denied*, 637 A.2d 294 (Pa. 1993), but confusion that flows from an adjudicator's serial orders that create confusion or alter previous directory admonishments, may, in the proper circumstances, support a finding that a breakdown in proceedings occurred, *Borough of Duncansville v. Beard*, 919 A.2d 327 (Pa. Cmwlth.), *appeal denied*, 931 A.2d 659 (Pa. 2007). Here, as noted by the Fund, it is undisputed that although the Board later concluded that the WCJ's initial order was a final order, the language of the WCJ's initial order advised otherwise and explicitly precluded the Fund from appealing at that time.

In this case, the Court is at a loss as to why the WCJ affirmatively and repeatedly described the order as interlocutory. The WCJ's direct admonishment not to appeal the order was incorrect. We conclude that when an adjudicator erroneously includes prohibitory language in a decision and order that not only fails to advise a litigant of the right to appeal (as is the custom in workers' compensation matters), but rather affirmatively directs the litigant that he or she may not appeal an order, the litigant (or his or her counsel) may have grounds to seek nunc pro tunc review. Given this standard, the Fund must be given an opportunity to establish that a breakdown in the administrative process occurred such that the Board should have considered the Fund's appeal nunc pro tunc.

11

Accordingly, we vacate the Board's order and remand the matter to the Board for further remand to the WCJ to consider whether the Fund is entitled to appeal the WCJ's order denying joinder nunc pro tunc.

_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Department of Labor & Industry,     :
Uninsured Employers Guaranty Fund,    :
                 Petitioner     :
                                 :
          v.              :    No. 445 C.D. 2015
                                 :
Workers' Compensation Appeal       :
Board (Gerretz, Reliable Wagon       :
and Auto Body, Inc., and Somerset    :
Casualty Insurance Company),        :
               Respondents    :

# **O R D E R**


AND NOW, this 14th day of June, 2016, the order of the Workers' Compensation Appeal Board is VACATED. The matter is REMANDED to the Board, which is directed to remand the matter to the Workers' Compensation Judge for the purpose of considering whether the Uninsured Employers Guaranty Fund may appeal nunc pro tunc.

Jurisdiction relinquished.


                  _____
                  P. KEVIN BROBSON, Judge