## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charlie Patterson,                          :
                                            :
                    Petitioner              :
                                            :
          v.                                :    No. 563 C.D. 2017
                                            :    Submitted:  January 26, 2018
Workers' Compensation Appeal                :
Board (SMX Staffing),                       :
                                            :
                    Respondent              :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                              **FILED:  March 13, 2018**


          Charlie Patterson (Claimant) petitions, *pro se*, for review of a January 24, 2017 order of the Workers' Compensation Appeal Board (Board) that granted a motion filed by SMX Staffing (Employer) to quash as untimely Claimant's appeal from the December 18, 2013 decision of a Workers' Compensation Judge (WCJ). Claimant filed his petition for review *nunc pro tunc* on May 1, 2017, more than thirty days after the Board's January 24, 2017 order.  *See* Pa. R.A.P. 1512(a)(1) (requiring that a petition for review be filed within thirty days after the entry of the order); 210 Pa. Code § 69.211.   This Court did not quash the appeal *sua sponte,* but directed the parties in a June 9, 2017 order to address the issue of untimeliness in their principal briefs on the merits.

By its 2013 decision, the WCJ (i) denied and dismissed the Claim Petition filed by Claimant following an injury to his left hand, which he sustained on December 26, 2012 while working as a forklift driver for Employer,[1] and (ii) granted Employer's July 26, 2013 Termination Petition, finding Claimant to be fully recovered as of June 18, 2013. (Certified Record (C.R.) Item 4, WCJ Decision.)

At a hearing held on June 27, 2013, Claimant, who was then represented by counsel, testified that he had been employed as a warehouse associate at Employer for approximately seven months, driving forklifts and loading trucks. (C.R. Item 12, WCJ Hearing Transcript (H.T.) at 30.) Claimant stated that on December 26, 2012, as he made a turn to pick up a skid, the forklift he was driving jerked, and his left hand became pinned under a metal rack, causing a large cut on his hand near his thumb and a puncture below his pinky finger. (*Id*. at 32-33.) A supervisor at the warehouse applied antibiotics to Claimant's hand, and sent him to Carlisle Hospital, where he had his hand x-rayed and stitched, and was prescribed percocet and ibuprofen for pain. (*Id*. at 34.) Employer maintained a mandatory drug testing policy that automatically required that a test be taken following any safety incident involving "pit equipment" or requiring outside treatment. (*Id*. at 14.) Claimant therefore took a drug test on December 27, 2012 and returned to work that day. (*Id*. at 36.) However, Claimant testified that he worked only half his shift on that day, because the medications made him ill. (*Id*.) Claimant then had two scheduled days off, and next returned to work on December 30, 2012. (*Id*. at 58.) Employer's witness, an account director who oversees the distribution center where Claimant was employed, testified that on January 6, 2013, Employer received the results of Claimant's drug test indicating that Claimant tested positive for marijuana

---

[1] Employer had issued a medical-only Notice of Compensation Payable that acknowledged a left hand contusion.

use; pursuant to Employer's drug test policy, Claimant was no longer eligible for employment, and his employment was terminated on January 10, 2013. (*Id*. at 7-9.) In August 2013, Claimant's counsel petitioned for, and received permission to withdraw as counsel for Claimant. The report of Dr. Naidu, the physician who performed Claimant's independent medical examination, dated June 20, 2013, was presented at a November 22, 2013 hearing that Claimant did not attend. The report indicates that Claimant sustained a superficial laceration for which he was adequately treated and that the injury is completely healed; the report concludes that Claimant has no residual effect from his work injury. (C.R. Item 9, November 22, 2013 Hearing Transcript, Exhibit D.)

The WCJ found, *inter alia*, that subsequent to Claimant's counsel's withdrawal in August 2013, Claimant was provided with two months in which to present medical evidence, but Claimant did not do so and he failed to attend the November 22, 2013 hearing; that pursuant to the medical-only Notice of Compensation Payable, Claimant suffered a left hand contusion on December 26, 2012; and that pursuant to the June 20, 2013 report by Dr. Naidu, Claimant had fully recovered from his left hand injury as of June 18, 2013. (C.R. Item 4, WCJ Decision, Findings of Fact (F.F.) ¶¶ 2, 4-8.) The WCJ further found that "based upon the Claimant's failure to present medical evidence in support of his Claim Petition for lost wages, the Claimant's failure to attend the November 22, 2013 hearing, and the credible and persuasive medical opinion of Dr. Naidu, I find that the Claimant has failed to prove that he suffered lost wages as a result of his work injury. I further find that the Claimant fully recovered from his injury as of June 18, 2013." (*Id*., F.F. ¶ 9.)

3

Claimant's appeal to the Board was received on April 11, 2016, nearly three years after the WCJ's Decision was issued, and Employer requested that the appeal be quashed as untimely. Section 423(a) of the Workers' Compensation Act,[2] (Act) provides:

> Any party in interest may, within twenty days after notice of a workers' compensation judge's adjudication shall have been served upon him, take an appeal to the board on the ground: (1) that the adjudication is not in conformity with the terms of this act, or that the workers' compensation judge committed any other error of law; (2) that the findings of fact and adjudication was unwarranted by sufficient, competent evidence or was procured by fraud, coercion, or other improper conduct of any party in interest. The board may, upon cause shown, extend the time provided in this article for taking such appeal or for the filing of an answer or other pleading.

77 P. S. § 853. The timeliness of an appeal is jurisdictional and must be strictly enforced. *Manolovich v. Workers' Compensation Appeal Board (Kay Jewelers, Inc.)*, 694 A.2d 405, 409 (Pa. Cmwlth. 1997). An untimely appeal may be permitted if the delay "was caused by extraordinary circumstances involving fraud, a breakdown in the administrative process, or non-negligent circumstances related to the claimant, his counsel, or a third party." *Department of Labor & Industry, Uninsured Employers Guaranty Fund v. Workers' Compensation Appeal Board (Gerretz, Reliable Wagon and Auto Body, Inc.)*, 142 A.3d 148, 155 (Pa. Cmwlth. 2016).

In its opinion granting Employer's motion to quash Claimant's appeal, the Board addressed Claimant's argument that despite the untimeliness of his appeal, *nunc pro tunc* relief was warranted due to the extraordinary circumstances of his

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

case. Claimant cited a number of events that occurred in the period prior to the date the WCJ's decision was issued, including the alleged abandonment by his counsel during the claim proceeding because counsel could not get a quick settlement; alleged lack of notice of the November 22, 2013 hearing; and alleged failure by his counsel to inform all parties of Claimant's impending incarceration, thereby preventing Claimant from appearing and presenting medical evidence at that hearing. The Board noted that all of these circumstances occurred during his underlying case, and none pointed to any fraud, coercion, duress, or agency breakdown that could have prevented Claimant from filing a timely appeal after the WCJ's decision was issued. The Board concluded that Claimant made no allegation whatsoever that he did not receive the WCJ's decision or was deprived of a chance to file an appeal within the twenty-day period, nor did he make any argument as to why it had taken him over two years to file his appeal. [3] We agree.

Before this Court,[4] Claimant asserts several of the arguments enunciated in his appeal to the Board, none of which explain his inability to file an appeal but rather relate to his alleged inability to attend the final hearing held prior to the WCJ's December 2013 decision or to produce medical evidence at that time.[5]

---

[3] The Board's opinion notes that the WCJ also issued an identical decision and order on April 24, 2014, containing the corresponding dispute number related to Claimant's claim petition; the April 24, 2014 decision also denied and dismissed the claim petition and granted Employer's termination petition. Claimant's appeal, however, was received on April 11, 2016, a date nearly two years following the date of the second decision and order.

[4] Our review is limited to determining whether an error of law was committed, whether the WCJ's necessary findings of fact are supported by substantial evidence or whether constitutional rights were violated. *Anderson v. Workers' Compensation Appeal Board (Penn Center for Rehab)*, 15 A.3d 944, 947 n.1 (Pa. Cmwlth. 2010).

[5] Claimant also makes additional arguments that are difficult to discern. However, these appear to be issues clearly not raised before the WCJ or the Board, including denial of due process by

Our Court has consistently held that under extraordinary circumstances, the deadline for the filing of an appeal may be extended by granting *nunc pro tunc* relief, provided that a party establish fraud, coercion, duress, agency breakdown or non-negligent circumstances. *City of Philadelphia v. Trill*, 906 A.2d 663, 666 (Pa. Cmwlth. 2006). Here, Claimant not only failed to satisfy the requisites for *nunc pro tunc* relief, but failed to enunciate any circumstance whatsoever to explain his excessively late appeal from the WCJ's decision. As such, we are constrained to affirm the Board's determination granting Employer's motion to quash Claimant's appeal.

We note that in its brief, and pursuant to this Court's June 19, 2017 order, Employer addresses the issue of untimeliness of Claimant's appeal of the Board's order. Claimant's petition for review *nunc pro tunc* appealing the Board's decision of January 24, 2017 was filed on May 5, 2017, more than three months after the time for appeal expired. In his petition for review, Claimant asserts, with no further explanation, that he was "on writ" from the State Correctional Institute at Houtzdale for the period from January 2 to March 15, 2017. Claimant does not state the date on which he received notice of the Board's order, or contend that he received it 30 days or less before he filed his appeal to this Court; he provides no explanation for his inability to file his petition for review prior to May 5, 2017. Claimant requested and received permission to file a reply brief, and asserts therein that he suffered hardship and was limited in his ability to file his brief due to his confinement in the "RHU Unit," but again fails to argue any basis for his entitlement to *nunc pro*

---

Employer's purported breach of contract by failing to properly report Claimant's work injury; statute of limitations arguments; and arguments pertaining to payment in lieu of compensation. Even assuming we reached the merits of the WCJ's decision, none of these arguments has been preserved.

*tunc* relief from his late appeal. Nevertheless, because we have determined that the Board lacked jurisdiction to proceed and properly quashed Claimant's untimely appeal, we need not reach the question of timeliness of Claimant's appeal to this Court.

Because the Board correctly concluded that Claimant's appeal was untimely, its order quashing the appeal is affirmed.

_____
JAMES GARDNER COLINS, Senior Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charlie Patterson,                          :
                                            :
                    Petitioner              :
                                            :
          v.                                :        No. 563 C.D. 2017
                                            :
Workers' Compensation Appeal                :
Board (SMX Staffing),                       :
                                            :
                    Respondent              :

## **O R D E R**

AND NOW, this 13th day of March, 2018, the order of the Workers' Compensation Appeal Board in the above matter is AFFIRMED.

_____
JAMES GARDNER COLINS, Senior Judge